UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DIANE M. RAMILLER-MARKHAM, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:13-cv-00242-NT |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

Diane M. Ramiller-Markham, proceeding pro se and in forma pauperis, claims that she is self-employed in the private sector and therefore has no income as defined in the Internal Revenue Code. She wishes to challenge 26 U.S.C. § 6702 assessments made against her by the Internal Revenue Service. The United States has filed a motion to dismiss, claiming the court lacks subject matter jurisdiction and that the complaint is frivolous and fails to state a claim. Ramiller-Markham has failed to respond to the motion. I recommend that the Court grant the motion and dismiss the claim for want of subject matter jurisdiction.

**S**UMMARY **D**ISMISSAL **S**TANDARD

To state a claim, a plaintiff must set forth in her complaint, among other things, "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). A complaint is subject to summary dismissal based on a plaintiff's failure to demonstrate that the court has jurisdiction over the subject matter of the case. Fed. R. Civ. P. 12(b)(1). If the plaintiff's pleading is challenged on this ground, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists and the court may consider evidence outside of the pleadings to determine the jurisdictional question. Aversa v. United States, 99 F.3d 1200, 1209-

10 (1st Cir. 1996). The Court should endeavor to resolve challenges to its exercise of jurisdiction before addressing the merits. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998); Donahue v. City of Boston, 304 F.3d 110, 117 (1st Cir. 2002).

When the plaintiff is a pro se litigant, the court will review his or her complaint subject to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Additionally, the pleadings of pro se plaintiffs are generally interpreted in light of supplemental submissions, such as any response to a motion to dismiss. Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003). In some circumstances, if it appears that a pro se litigant might be able to plead adequate facts if he or she better understood the applicable law, the court may provide some opportunity to understand what the law requires, along with an opportunity to supplement the pleadings. Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 20 (1st Cir. 2004); Cote v. Maloney, 152 Fed. Appx. 6, 8 (1st Cir. 2005) (unpublished).[1]

### THE PLEADINGS

A motion to dismiss for failure to state a claim is ordinarily evaluated in light of the allegations contained within the four corners of the plaintiff's complaint. Young v. Lepone, 305 F.3d 1, 10-11 (1st Cir. 2012).

In this action, Ramiller-Markham complains that the IRS imposed civil penalties against her "without reason and without evidence," and that she lost her appeal and "was charged another five times with civil penalties under 26 USC section 6702 in the amount of $25,000." (Compl. at 2-3, ECF No. 1.) Thereafter, her private property was searched and seized. (Id. at 3.) According to Ramiller-Markham, she is self-employed and does "not have any income as

---

[1] The federal in forma pauperis statute, 28 U.S.C. § 1915, authorizes the court to dismiss actions that fail to state a viable claim or that present frivolous, malicious, or repetitive claims. Id. § 1915(e)(2)(B). "Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989). In this case I ordered service, though it appears that a sua sponte dismissal could have been rendered.

defined in the IRC and the IRS has never disputed this fact." (Id.)  Consequently, she says the IRS lacks jurisdiction to impose penalties but has refused to remove them.  (Id. at 4.)  Ramiller-Markham has contacted numerous federal, state, and private agencies and individuals to obtain help, but has been unable to achieve any meaningful assistance.  (Id. at 6.)  For relief, Ramiller-Markham requests that the Court "remove the . . . civil penalties that were unlawfully charged to [her] by the IRS."  (Id. at 7.)

On July 1, 2013, Ramiller-Markham filed both her complaint and a motion for leave to proceed in forma pauperis.  (ECF No. 4.)  I granted the motion and ordered service.  (ECF Nos. 5, 6.)  On August 30, 2013, the United States filed a motion to dismiss.  (ECF No. 11.)  It asserts that the Court is without subject matter jurisdiction to provide the relief Ramiller-Markham requests and that Ramiller-Markham's complaint fails to state a claim, in any event.  (Id. at 1.)  In the memorandum of law attached to its motion to dismiss, the Government offers a brief historical account of the penalties it levied against Ramiller-Markham.  These factual assertions provide some context for the subject matter jurisdiction inquiry.  In short, consistent with Ramiller-Markham's allegations, the Government's uncontested representations reflect that civil penalties were imposed on Ramiller-Markham for filing frivolous returns for tax years 2002 through 2006.

### DISCUSSION

Ramiller-Markham pursues her action against the Internal Revenue Service.  Actions against the IRS are actions against the United States.  The United States enjoys immunity from suit, as the sovereign, unless it has expressly consented to suit by statute.  FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Dalm, 494 U.S. 596, 608 (1990).  "Sovereign immunity is jurisdictional in nature."  Meyer, 510 U.S. at 475.  Absent a showing of waiver, dismissal of a

3

suit against the United States or its agencies is required.  Id.;  Villanueva v. United States, 662 F.3d 124, 126 (1st Cir. 2011).

Ramiller-Markham has failed to identify in her complaint an adequate basis for this Court's exercise of subject matter jurisdiction.  Moreover, notified of the shortcoming in her complaint by the Government's motion to dismiss, Ramiller-Markham has failed to respond, in violation of Local Rule 7(b).[2]  This failure alone justifies dismissal of her action.  ITI Holdings, Inc. v. Odom, 468 F.3d 17, 18 (1st Cir. 2006);   NEPSK, Inc. d/b/a Houlton Cable v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002) ("[I]t is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, at least when the result does not clearly offend equity.").

In support of its motion, the Government outlines why the Internal Revenue Code does not contain a waiver that would apply to the circumstances described in Ramiller-Markham's complaint.  (Def.'s Memorandum at 5-6 (discussing 26 U.S.C. §§ 1346(a), 7422(a), 7433(d)(1), and 6532).)  The gist of the argument is not that it is impossible for a taxpayer to bring a case in the district courts based on the imposition of section 6702 penalties, but that Ramiller-Markham has not taken the steps necessary to preserve such a claim.  (Id.)  The Government's account of the Code's limited waiver provisions is consistent with the case authorities.  See, e.g., McMillen v. U. S. Dep't of Treasury, 960 F.2d 187, 188-189 (1st Cir. 1991) (affirming dismissal of an action alleging arbitrary and capricious treatment in connection with a tax dispute and seeking

---

[2] Local Rule 7(b) provides:

> Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection.
>
> Any objections shall include citations and supporting authorities and affidavits and other documents setting forth or evidencing facts on which the objection is based.  The deemed waiver imposed herein shall not apply to motions filed during trial.

the release of liens); Lai v. Ipson, 474 Fed. App'x 595, 596 (9th Cir. 2012) (unpublished) (affirming dismissal of claims against the IRS pertaining to imposition of section 6702 penalties).

> The primary obstacle to Ramiller-Markham's action exists in section 7422 of the Code:
>
> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a) (emphasis added). Failure to show compliance with this administrative exhaustion requirement is a legitimate ground for dismissal of an action. McMillen, 960 F.2d at 188-89; Beckwith Realty v. United States, 896 F.2d 860, 861-63 (4th Cir. 1990).

Ramiller-Markham fails to allege that she pursued a claim for refund or credit with the Secretary, even though the pro se complaint form she used to file her action prompted her to allege what, if any, steps she took to exhaust administrative remedies. (Complaint at 7.) In this portion of the form, Ramiller-Markham has indicated only that she "contacted," among others, the IRS Office in Augusta, Maine, where someone told her the office lacked the authority to give her the relief she requested; the IRS District Director-Chief Special Procedures Staff in Missouri, whose response is not indicated; "many employees of the IRS customer service center"; and the United States Tax Court, which evidently informed her that it lacked jurisdiction. (Id. at 6.) These allegations fail to indicate that Ramiller-Markham has satisfied a statutory prerequisite to pursuing her claim in this Court.[3]

---

[3] According to the Government, Ramiller-Markham pursued one administrative claim with the IRS that was limited to the 2003 tax year. However, the Government states that the claim was denied on June 23, 2008, and asserts the two-year statute of limitation found in 26 U.S.C. § 6532(a)(1).

5

Another obstacle before Ramiller-Markham is that "a taxpayer wishing to sue in district court for a refund must have paid the full assessment in question before bringing suit." Magnone v. United States, 733 F. Supp. 613, 614 (S.D.N.Y. 1989) (citing Flora v. United States, 357 U.S. 63, 75 (1958), aff'd on reh'g, 362 U.S. 145 (1960) (describing the "pay first and litigate later" rule applied to the tax-dispute jurisdictional grant found in 28 U.S.C. § 1346(a)(1)); see also McMillen, 960 F.2d at 188-89; Hostar Marine Transp. Sys. v. United States, No. 05-cv-10111-DPW, 2005 U.S. Dist. Lexis 10938, at *4, 2005 WL 1331221, at *2 (D. Mass. May 26, 2005).

The "pay first" requirement has been extended, in this Circuit, to claims under 26 U.S.C. § 7432, assuming that there might be some unpled basis for a claim based on a knowing failure to release a lien. See McMillen, 960 F.2d at 190. Additionally, assuming there might be some unpled basis for a claim under 26 U.S.C. § 7433, which permits claims for civil damages to be filed in the district court for "certain unauthorized collection actions," such claims are limited by another administrative exhaustion requirement. Id. § 7433(d)(1). Ramiller-Markham's failure to allege prior payment or administrative exhaustion keeps the courthouse doors shut against either of these potential "Taxpayer Bill of Rights" claims.

The Government also cites the Anti-Injunction Act found in the Internal Revenue Code, 26 U.S.C. § 7421. The Act prohibits suits to restrain assessment or collection of federal income tax, subject to specific exceptions, none of which is advanced by Ramiller-Markham in her complaint.

Finally, the Government observes that the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically states that it does not apply in cases involving federal income taxes, other than for actions under 26 U.S.C. § 7428. Section 7428 has no relevance to Ramiller-Markham's action because it concerns only the classification of tax exempt organizations.

In addition to all of these statutory obstacles to finding an applicable waiver of sovereign immunity, courts have also noted that the Federal Tort Claims Act, the Administrative Procedures Act, and the Fair Debt Collection Act provide no assistance to plaintiffs raising controversies related to federal income tax assessment and collection.  E.g., Perry v. Wright, No. 12-cv-0721-CM, 2013 U.S. Dist. Lexis 36250, at * 13-15, 2013 WL 950921, at *5 (S.D.N.Y. Mar. 8, 2013) (dismissing claim alleging the IRS overstated the plaintiff's tax liability and seeking prohibition against levies and other collection activity, plus money damages).

## CONCLUSION

I recommend that the Court grant Defendant's Motion to Dismiss (ECF No. 11) based on Ramiller-Markham's failure to articulate, either in her complaint or in response to the Government's motion, a viable basis for this Court's exercise of subject matter jurisdiction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.
   Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 26, 2013